## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| THOMAS DALTON, | ) |
| | ) |
|     Plaintiff, | )    Case: 1:25-cv-01191 |
| | ) |
| v. | ) |
| | ) |
| COLLISIONRIGHT, LLC d/b/a D'S PAINT & BODY SHOP, | ) |
| | ) |
| | )    **Jury Trial Demanded** |
|     Defendant. | ) |

## COMPLAINT

Plaintiff, Thomas Dalton ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against CollisionRight, LLC d/b/a D's Paint & Body Shop ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ADMINISTRATIVE PREREQUISITES**

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**PARTIES**

7. At all times material to the allegations of this Complaint, Plaintiff, Thomas Dalton, resides in Tazewell County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, CollisionRight, LLC d/b/a D's Paint & Body Shop is a limited liability company doing business in and for Peoria County whose address is 1302 E Sciota Avenue, Peoria Heights, Illinois 61616-6542.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

**BACKGROUND FACTS**

11. Plaintiff was hired by Defendant as body shop estimator on or around April 2022.

12. Plaintiff's essential job duties included but were not limited to:

   a. Assessing vehicle damage;

   b. Estimating repair costs;

   c. Effectively communicate with customers and insurance companies regarding damage.

13. Plaintiff has a physical impairment that substantially limits major life activities.

14. Specifically, Plaintiff has hearing loss in his ear which requires him to where a hearing aid.

15. Plaintiff has suffered from hearing problems throughout his life.

16. Plaintiff started wearing a hearing aid in his right ear around 10 years ago; the device is not invisible unless someone looks closely at Plaintiff.

17. Plaintiff's use of a hearing aid was effectively a request for accommodation.

18. Plaintiff has never had any issues with his performance or work ability due to his hearing disability.

19. Plaintiff is a "qualified individual" as defined under the ADA.

20. Regardless of Plaintiff's disability, Plaintiff was qualified to perform the essential functions of his job with or without accommodation.

21. During Plaintiff's employment, Plaintiff was subjected to negative comments and bullying by his General Manager, Mike Gibson (Gibson), who began working at the company around 6 months prior to Plaintiff's termination.

22. Gibson frequently made inappropriate comments about Plaintiff's hearing problem, both directly to Plaintiff and in front of other employees.

23. This behavior was not only inappropriate but was discriminatory towards Plaintiff's disability.

24. Plaintiff was told by coworkers that Gibson had made demeaning comments about Plaintiff's ability to hear, such as mocking Plaintiff for his hearing aid.

25. Even Plaintiff's co-workers noticed Gibson's weird obsession with Plaintiff's hearing aid.

26. For example, Gibson regularly made comments to Plaintiff like, "make sure you have your hearing aid battery in so you can hear me" in a mocking and derisive tone.

27. Additionally, Gibson would intentionally whisper when speaking to Plaintiff so that Plaintiff could not hear him, which felt like bullying and deliberate exclusion.

28. Throughout Plaintiff's tenure at the company, Plaintiff was never written up for performance issues, and Plaintiff's clients were consistently satisfied with his work.

29. Plaintiff's hearing issues did not impact his ability to do his job, and Plaintiff always fulfilled his responsibilities in accordance with Defendant's performance standards.

30. On or about February 7, 2025, Gibson informed Plaintiff that he was being terminated from his position.

31. When Plaintiff asked why, Gibson stated, "I'm tired of repeating myself to you because of your hearing issues."

32. This statement made it clear to Plaintiff that his termination was based on Plaintiff's disability.

33. Therefore, Defendant failed to accommodate Plaintiff's disability by terminating his employment on the basis of his disability.

34. Ultimately, on or about February 7, 2025, Plaintiff was terminated on the basis of Plaintiff's disability and engaging in protected activity as described above.

35. The purported justification for termination was pretext for unlawful discrimination based on disability or because Defendant perceived Plaintiff as disabled.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

36. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

37. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

38. Plaintiff met or exceeded performance expectations.

39. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

40. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

41. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

42. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

43. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

44. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of

enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

45. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

46. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq

47. Plaintiff is a qualified individual with a disability.

48. Defendant was aware of the disability and the need for accommodations.

49. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

50. Plaintiff's reasonable accommodations that was requested was not an undue burden on the Defendant.

51. Defendant did not accommodate Plaintiff's disability.

52. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plainitff's disability.

53. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

54. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of Americans with Disabilities Act
### (Retaliation)

55. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

56. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

57. During Plaintiff's employment with Defendant, Plaintiff requested a reasonable accommodation in relation to his disability.

58. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

59. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

60. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

61. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

62. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

  a. Back pay with interest;

  b. Payment of interest on all back pay recoverable;

  c. Front pay;

  d. Loss of benefits;

  e. Compensatory and punitive damages;

  f. Reasonable attorneys' fees and costs;

  g. Award pre-judgment interest if applicable; and

  h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 15th day of May 2025.

> */s/ Travis P. Lampert*
> **TRAVIS P. LAMPERT, ESQ.**
> **SULAIMAN LAW GROUP LTD.**
> 2500 S. Highland Avenue, Suite 200
> Lombard, Illinois 60148
> Phone (630) 581-5456
> Fax (630) 575 - 8188
> tlampert@sulaimanlaw.com
> *Attorney for Plaintiff*